(No. 36362.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES CARR, Plaintiff in Error.

*Opinion filed September 22, 1961.*

GERALD W. GETTY, Public Defender, of Chicago, (JAMES J. DOHERTY, and ARTHUR ZIMMERMAN, Assistant Public Defenders, of counsel,) for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GAL-

LAGHER, and JAMES R. THOMPSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The problem in this case is to determine the proper disposition that is now to be made of a case in which a defendant was erroneously sentenced to the penitentiary when he should have been committed to the Youth Commission. The applicable statute provides that "Every male person under the age of 17 years adjudged guilty * * * shall be committed to the Youth Commission instead of the penitentiary." Ill. Rev. Stat. 1959, chap. 38, par. 803.

On December 9, 1959, the defendant, Charles Carr, who was then 16 years old, was arraigned upon an indictment charging him with robbery and assault with intent to commit robbery. He pleaded guilty, and was admonished that if he persisted in his plea he would be committed to the Youth Commission. He persisted in his plea, and a finding and judgment of guilty was entered. Over the defendant's objection, the case was then continued to permit the prosecution to offer evidence in aggravation. The defendant became 17 on December 18, 1959, and on February 4, 1960, he was sentenced to the Illinois State Penitentiary for a term of one to seven years.

In this court it is agreed that it was error to hear evidence in aggravation and to sentence the defendant to the penitentiary, and that commitment to the Youth Commission was mandatory. The defendant argues, however, that because the sentence to the penitentiary was improper, and because he has now passed the age at which he could be committed to the Youth Commission, he must go free. The People urge that he should now be committed to the Youth Commission.

The defendant's position is based upon *People v. Smith,*

253 Ill. 283, which involved a very similar situation under an earlier statute. There the defendant was improperly sentenced to the penitentiary, instead of the reformatory. As is true here, he was too old at the time of the writ of error to be committed to the reformatory as an original matter but not so old that he would be outside of the reformatory's jurisdiction if committed to it upon remand. It was held that the statute, which provided that the "court * * * may sentence to the said reformatory any male criminal between the ages of 16 and 21", (Hurd's Stat. 1911, chap. 118, par. 12,) required the result that defendant contends for here. There are differences of phraseology in the two statutes, but they are not controlling. We think that the case is in point, and that so far as it conflicts with the result we reach, it should be overruled.

The statement is made in the *Smith case* that "Manifestly, the legislature did not intend that any male person over twenty-one years at the time of his sentence should be sent to the State reformatory." It is hard to find that statement applicable to our situation. The purpose of the Youth Commission is to reform the young offender, and that may still be accomplished although the defendant is a year older on the date that he comes under its care. We think that it is manifest that the legislature did not intend "that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner." (*Bozza v. United States,* 330 U.S. 160, 166, 91 L. ed. 818.) The question is whether the objectives of the Sentence and Parole Act require that this type of error should be held to free the defendant entirely from the corrective processes of the State. In different circumstances we have held that an error in sentencing can be corrected by imposing the sentence that should have been imposed, (*People v. Vernell,* 20 Ill.2d 545,) and we think that should be done here.

Our conclusion makes it unnecessary to consider the con-

stitutional arguments raised by the defendant. The judgment is reversed and the cause is remanded to the criminal court of Cook County, with directions to sentence the defendant to the Youth Commission.

*Reversed and remanded, with directions.*