THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JERRY LEE SEETS, Defendant-Appellant.

Fourth District   No. 11953

Opinion filed April 15, 1976.

Richard J. Wilson and John L. Swartz, both of State Appellate Defender's Office, of Springfield, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (Robert James Steigmann, Assistant State's Attorney, and Peter Dahm, Law Student, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

Defendant was indicted for armed robbery of Carol Caro and Deanna Robinson and for felony theft of the Prospect IGA Food Store in Champaign on August 19, 1971. A pretrial motion to suppress in-court testimonial identification of defendant by Caro, Robinson and one Ralph Smith, three witnesses to the event and all of whom were employees of the store, was denied after hearing. After trial, a judgment of conviction was entered on a jury verdict finding defendant guilty of all charges. On motion for a new trial, the circuit court vacated the convictions. Defendant thereupon filed another pretrial motion to suppress testimonial identification of him at the new trial by the same three store employees. The exact content of this motion is not fully discernible because it was not in the record, having assertedly become lost. It is clear from the record, however, that the motion incorporated by reference a transcript of evidence at the previous hearing to suppress as well as the testimony of these witnesses given at the former trial, but none of this matter has been furnished in the record filed here. After a hearing, the second motion to suppress was also denied. The cause was thereupon retried before a jury which returned a verdict finding defendant guilty of armed robbery. A judgment of conviction was entered sentencing defendant to the penitentiary for not less than 4 nor more than 10 years. Defendant claims on appeal from this conviction that he has been denied due process because of rulings excluding evidence at his hearing on the second pretrial motion to suppress. Specifically it is argued that defendant was denied a fair trial "because his counsel was not permitted to establish that the identification was constitutionally defective by reason of the disparity between the description given the police [by the three witnesses] concerning the two subjects who committed the robbery, and the later descriptions and identification of the defendant, Jerry Seets."

■■ A defendant has a right to a fair and impartial pretrial hearing to determine whether his identification by victims was based solely on the victims' observation of defendant's participation in the crime or whether it was improperly influenced by actions of investigative officers or other extraneous factors that may have unduly affected their judgments and conclusions. (*People v. Robinson*, 46 Ill. 2d 229, 263 N.E.2d 57 (1970).) Where the pretrial photographs and/or lineup procedures are shown to

have been unduly suggestive and so wanting in fairness as to deprive defendant of due process, the evidence of identification by any witnesses whose judgments were subject to taint by such improper procedure is rendered inadmissible. (*People v. Blumenshine,* 42 Ill. 2d 508, 250 N.E.2d 152 (1969).) No reversible error is shown, however, where it is possible for a reviewing court, on the basis of an informed judgment, to perceive from the record the presence of an independent origin for the in-court identification which was free of any improper suggestions made prior to trial. (*People v. Nudo,* 131 Ill. App. 2d 930, 268 N.E.2d 894 (4th Dist. 1971).) This is true even where a pretrial hearing on a motion to suppress has been incorrectly denied. See *Nudo.*

The crime here occurred about 10:10 p.m. inside the well-lighted grocery store. Caro and Robinson were clerks, each running a separate cash register. Smith had been bagging groceries near their check-out counters. Two Negro males entered the store, and while one held a gun on them, the other presented himself both to Caro and Robinson with a sack into which they were directed to deposit the contents of their separate cash registers. Neither perpetrator wore any mask and during the five minutes it took for the crime to be effected both were fully observed by each of the three store employees. Each employee thereafter gave descriptions to the police as to the height, weight, color, hairstyle and clothes of the two felons. Shortly later, the police produced to the witnesses some 29 or 30 different photographs. Two of these were of defendant but there were also multiple photos of two other persons. Five other photo subjects along with the defendant had Afro hairstyles. The police stated, but only in response to a question, that the witnesses should not give too much attention to hairstyles shown in the photos since some of the pictures were old, and the hairstyles could be changed. The photo display from which the witnesses separately identified defendant preceded the lineup. The witnesses testified that no one suggested what picture they should select and no one during the lineups suggested what person they should identify, and Caro said there was no doubt in her mind of her identification of defendant.

■■■ It is plain from this record that each of the witnesses closely observed the perpetrators for nearly five minutes and in good light and had an independent origin for identification free of any improper suggestions or procedure by the police. That being the case, there was no denial of due process in rulings during the pretrial motion precluding defendant from questioning the witnesses as to descriptions they had earlier given the police. A mere disparity, if any, between descriptions given to the police and the features of persons later identified in photos and in a lineup does not establish that police procedures for identification were unfair or suggestive and violative of constitutional rights. At the

trial, defendant was given unlimited opportunity to examine the identification witnesses and to test the accuracy and credibility of their in-court identification testimony by comparing it with the descriptions they gave earlier to the police during investigation. The jury accepted the in-court identifications of these witnesses and rejected defendant's argument that their testimony was discredited by disparity of their earlier descriptions, *i.e.*, by prior inconsistent statements. A mere alleged disparity in descriptions does not establish a denial of due process in the identification procedures so as to require that the witnesses be barred from testifying; at most, it provides a basis for testing the weight that should be given to the in-court testimony. We find no reversible error in the court's ruling.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

ALLOY and STENGEL, JJ., concur.