THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CLARENCE RAY, Defendant-Appellant.

Fifth District   No. 76-3

Opinion filed August 3, 1977.

Michael J. Rosborough and A. Michael Kopec, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Clyde L. Kuehn, State's Attorney, of Belleville (Phyllis J. Perko and Martin P. Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE CARTER delivered the opinion of the court:

Clarence Ray, defendant, appeals from a judgment of the Circuit Court of St. Clair County entered in a jury trial to the charge of armed robbery. Defendant contends that he was subjected to double jeopardy when he was convicted as an adult after his case had been continued by way of a juvenile court order on the same offense. Defendant also contends that custody over him must be remanded to the Juvenile Division of the Department of Corrections since he was 16 years old when the offense was committed.

Since defendant does not question the weight of the evidence presented at trial, a recitation of the facts in this case is not necessary. Defendant was arrested on an armed robbery charge and on August 7, 1974, was charged by petition in the juvenile division of the circuit court as being delinquent. On August 21, 1974, the cause was ordered continued for six months but on March 12, 1975, the circuit court granted the State's motion for leave to prosecute defendant as an adult under the criminal law. The defendant was indicted and on September 11, 1975, a jury found him guilty of armed robbery. He was sentenced to the Department of Corrections for a term of not less than four nor more than six years.

■■ Defendant's first contention is that he was placed in double jeopardy by the "conditional" continuance which was ordered by the juvenile division of the circuit court on August 21, 1974. He claims that the subsequent jury trial as an adult on the same charge was in violation of his constitutional right of not being placed in double jeopardy. Defendant's argument rests on the theory that the continuance of August 21, 1974, was a disposition of the petition for adjudication of the defendant being delinquent. This argument must fail. "Adjudicatory hearing" is defined in the Juvenile Court Act, section 1—4 (Ill. Rev. Stat. 1975, ch. 37, par. 701—4) as follows:

> " 'Adjudicatory hearing' means a hearing to determine * * * whether the allegations of a petition under Section 4—1 that a minor is delinquent are proved beyond a reasonable doubt, * * * ."

In this case the trial court never made a finding of fact as to the allegations in the petition. Because the record is incomplete, we must assume that the trial court did not receive evidence that proved beyond a reasonable

doubt that the defendant was a delinquent. As was noted in the People's brief, the order of August 21, 1974, continuing the cause left unmarked the "box" on the circuit court form signifying that the cause was heard for dispositon or adjudication. The above order referred to clearly indicates that an "X" was marked in the "box" so designated when the case is to be continued. The written words "for 6 months" appear immediately following the printed words, "THAT THIS CAUSE IS CONTINUED TO." Since defendant was not subjected to a second "trial" on the same armed robbery charge, his constitutional rights have not been violated.

Defendant's second contention is that the custody of his person should have been granted to the Juvenile Division of the Department of Corrections rather than the Adult Division. Defendant was 16 years old when he committed the offense but reached the age of 17 before trial.

In *People v. Carr*, 23 Ill. 2d 103, 177 N.E.2d 361, the Supreme Court held that the sentencing of a defendant to the penitentiary after he reached age 17 for an offense committed when he was 16 years old was error. (23 Ill. 2d 103, 104.) The statute under which *Carr* was decided provided that:

> "Every male person under the age of 17 years adjudged guilty * * * shall be committed to the Youth Commission instead of the penitentiary." Ill. Rev. Stat. 1959, ch. 38, par. 803.

The present law on sentencing is found in section 5—8—6(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—6(c)):

> "All offenders under 17 * * * sentenced to imprisonment shall be committed to the Juvenile Division * * *."

The former and the present sections of the statute evidence the same rationale and purposes and it is the opinion of this court that *Carr* is still good law for this issue.

Therefore, we hold that defendant should not have been sentenced to the Adult Division of the Department of Corrections, and we remand this cause to the trial court with directions that the custody of defendant be placed with the Juvenile Division of the Illinois Department of Corrections.

Affirmed in part, reversed in part and remanded with directions that a corrected mittimus be issued placing the defendant with the Juvenile Division of the Illinois Department of Corrections.

EBERSPACHER and JONES, JJ., concur.