*In re* JOHN GRIFFIN, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* JOHN GRIFFIN, Respondent-Appellant.)

First District (4th Division)    No. 80-1021

Opinion filed June 25, 1981.

James J. Doherty, Public Defender, of Chicago (Geraldine V. Biggs and Frances G. Sowa, Assistant Public Defenders, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr, Warren A. Zimmerman, and Barry A. Gross, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LINN delivered the opinion of the court:

Respondent appeals from a judgment of the circuit court of Cook County which found him delinquent based on a petition for adjudication of wardship alleging he had committed the offenses of armed robbery and aggravated battery. (Ill. Rev. Stat. 1977, ch. 38, pars. 18—2, 12—4(b)(1).) He was committed to the Department of Corrections. On appeal, respondent contends (1) he was not proved delinquent beyond a reasonable doubt because the victim's in-court identification of him was the product of an unduly suggestive pre-trial confrontation, thus denying him due process of law, and (2) he was improperly ordered committed to

the Illinois Department of Corrections, since, although he was 13 years of age at the time the dispositional order was entered, he was only 12 years of age when the delinquent act took place, when he was found delinquent, when he was adjudged a ward of the court, and when the dispositional hearing began.

Mrs. Eleanor Putz, the victim, testified that at approximately 9:45 p.m. on September 21, 1978, two boys approached her as she walked up a ramp leading from a rapid-transit station. One of the boys, whom she identified in court as respondent, said hello and she returned the greeting as they passed. The boys then suddenly reappeared in front of her. Respondent held a gun with both his hands which was pointed at her. When she "kind of froze" and did not hear what he said, respondent hit her twice in the face with the gun, stunning her. Then he punched her in the face with his fist. A third youth arrived who, at respondent's command, took her shopping bag and attaché case. The boys then fled. She described the lighting as "dim," but sufficient so that she could identify her assailants. The entire incident took between 5 and 8 minutes. She had never seen respondent prior to this occasion.

Respondent and the two other boys, who were co-respondents, testified to separate alibis.

Respondent contends he was denied due process of law because the victim's in-court identification was the result of an unnecessarily suggestive pretrial showup. At a pretrial suppression hearing, respondent developed, during cross-examination of the victim, that the evening after the attack, police officers showed her about eight photographs from which she identified two pictures as portraying her assailants. The following day she identified respondent in "a lineup" held at approximately 4:30 p.m. When asked who else was in "the lineup" with respondent and how many boys were there, the victim answered, "There weren't any; just the room between us."

The positive testimony of one identification witness is sufficient to convict, even though contradicted by the accused, if the witness is credible and viewed the accused under such circumstances as would permit a positive identification. (*People v. Manion* (1977), 67 Ill. 2d 564, 578, 367 N.E.2d 1313.) On this record, we conclude respondent has not met his burden of proving that the pretrial identification procedure was suggestive, but we conclude that even if the pretrial confrontation was suggestive, the in-court identification testimony was properly admitted since it possessed sufficient aspects of reliability in view of the totality of the circumstances. (*People v. Lindsey* (1979), 72 Ill. App. 3d 764, 391 N.E.2d 382.) For between 5 and 8 minutes the victim had her attention drawn specifically to respondent, who was the youth who spoke to her as the two youths initially passed her, who held the gun toward her, who hit her twice with the weapon, who punched her and then directed the third

boy to take her belongings. Although the lighting was described as "dim" by the victim, she also testified it was sufficient for her to see the boys and make an identification. She told police she could not identify the assailants further than to say that they were small. In commenting on the evidence, the trial court stated it found the testimony of the victim "extremely credible," clear and convincing and her identification positive. Thus, the court found the respondent's testimony that he was with his girlfriend at the time not to be credible.

■■ After considering the victim's opportunity to view the assailants and her attention particularly with regard to respondent, together with the trial court's finding concerning the positive nature of the identification and the credibility of the witness, we cannot say there was a substantial likelihood of irreparable misidentification under these circumstances. (*Manson v. Brathwaite* (1977), 432 U.S. 98, 53 L. Ed. 2d 140, 97 S. Ct. 2243.) Rather, the in-court identification rested on a nonsuggestive, independent basis. Even if the viewing procedure at the station, whether a showup or a lineup, was suggestive, respondent was not denied due process of law not only because there was little likelihood of a mistaken identification, but also because the record makes clear that the victim's identification was based on her observation of her assailants at the time of the offense and therefore was independent of the allegedly suggestive showup. Compare *People v. Seets* (1976), 37 Ill. App. 3d 369, 346 N.E.2d 61.

■■ Respondent also contends his commitment to the Illinois Department of Corrections was contrary to law since a delinquent minor cannot be committed unless he is 13 years of age or older. (Ill. Rev. Stat. 1977, ch. 37, par. 705—2(1)(a)(5).) Respondent points out that he was born on March 10, 1966, and did not attain the age of 13 years until March 10, 1979, that the dispositional hearing began on January 24, 1979, and was continued until March 14, 1979, in order to enable him to be committed to the Department of Corrections. The statute which allows commitment if the minor "is 13 years of age or older" applies to the time the dispositional order is entered. We find nothing improper in the trial court's continuance of the case from the end of January to the end of March under the circumstances here and conclude that respondent was properly committed since he was 13 years of age at that time. Compare *People v. Taylor* (1979), 76 Ill. 2d 289, 310, 391 N.E.2d 366; *In re Tucker* (1976), 45 Ill. App. 3d 728, 359 N.E.2d 1067.

The judgment of the circuit court of Cook County is therefore affirmed.

Judgment affirmed.

ROMITI, P. J., and JOHNSON, J., concur.