(No. 55401.—

*In re* JOHN GRIFFIN, a Minor, Appellant (The People of
the State of Illinois, Appellee).

*Opinion filed September 17, 1982.*

James J. Doherty, Public Defender, of Chicago (John
Thomas Moran and Timothy P. O'Neill, Assistant Public
Defenders, and Mary A. Lambert, law student, of coun-
sel), for appellant.

Tyrone C. Fahner, Attorney General, of Springfield,

and Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat and Richard T. Sikes, Jr., Assistant State's Attorneys, of counsel), for the People.

JUSTICE WARD delivered the opinion of the court:

John Griffin was adjudicated a delinquent and a ward of the court in the circuit court of Cook County. He was 12 years old at the time of adjudication, but had turned 13 before a dispositional order was entered. The disposition decided upon by the court was commitment to the Department of Corrections pursuant to section 5—2(1)(a)(5) of the Juvenile Court Act (Ill. Rev. Stat. 1977, ch. 37, par. 705—2(1)(a)(5)), which provides for such commitment of a delinquent minor "if he is 13 years of age or older ***." The appellate court, holding that the statutory age requirement was satisfied because Griffin had turned 13 prior to the entry of the dispositional order, affirmed (97 Ill. App. 3d 1030), and we granted the minor leave to appeal under Rule 315 (73 Ill. 2d R. 315).

The petition for adjudication of wardship filed against John Griffin alleged that on September 21, 1978, he committed armed robbery and aggravated battery. On January 3, 1979, the court found that he had committed both of the acts and set a dispositional hearing for January 24. At the hearing, a probation officer reported Griffin's extensive juvenile record to the court and explained the possibility of placing him in a "Tri-Agency Program" at a mental health center in Tinley Park. The officer said that the mental health center requested an updated clinical evaluation, and by agreement the matter was continued to February 14.

At the February 14 hearing the probation officer stated that the Tri-Agency Program had accepted Griffin, and the officer recommended commitment to the Department of Children and Family Services (the DCFS) for placement in the Tri-Agency Program. The program could not accept Griffin, though, until he turned 13,

which would be on March 10. By agreement the court continued the hearing until March 14, four days after Griffin's birthday. The court warned the parties at the February hearing, however, of the possibility that it might commit Griffin to the Department of Corrections at the next hearing. The court said, "What makes you think I am going to commit him to DCFS? I may commit him to the Department of Corrections. Everyone is assuming he is going to be released to DCFS. By agreement of the parties, this matter will be continued for a resumption of the dispositional hearing."

On March 14, as stated, the court decided that the appropriate disposition was commitment to the Department of Corrections under section 5—2(1)(a)(5) of the Juvenile Court Act. The relevant part of the section provides that as one type of dispositional order in a delinquency proceeding:

"A minor found to be a delinquent *** may be (5) committed to the Department of Corrections *** if he is 13 years of age or older, provided that minors less than 13 years of age may be committed to the Department of Corrections until July 1, 1973. Commitment to the Department of Corrections, Juvenile Division, shall be made only if a term of incarceration is permitted by law for adults found guilty of the offense for which the minor was adjudicated delinquent." Ill. Rev. Stat. 1977, ch. 37, par. 705—2(1)(a)(5).

The question here is at what stage must the minor become 13 years of age in order to be eligible for commitment to the Department of Corrections. The appellate court decided that as long as the minor is 13 years at the time of the dispositional order he may be committed. 97 Ill. App. 3d 1030, 1032.

In support of the appellate court's decision, the People argue that that construction of the statute serves the purposes underlying the Juvenile Court Act: to provide for the best interests of the minor and the community. It serves

those purposes, the People maintain, because it permits the court to enter a dispositional order suited to the minor's condition at the time of the disposition. The People stress that dispositional orders in juvenile proceedings are not penal sanctions, but are rehabilitative measures.

Griffin, on the other hand, would read the statute as providing that the only minors eligible for the Department of Corrections are those who were 13 years when they committed the offenses upon which the findings of delinquency are based. The appellate court's interpretation could not have been intended, he says, because it makes eligibility for commitment to the Department of Corrections dependent upon factors beyond the minor's control, such as prosecutional delay and the condition of a court's calendar. It creates too arbitrary a distinction, he says, and would "throw a pall of uncertainty" over rehabilitation planning for minors adjudged wards of the court prior to their 13th birthdays.

He points out that, under the Criminal Code of 1961, whether a person is at least 13 years at the time of the conduct determines whether he can be held criminally responsible for his conduct. (Ill. Rev. Stat. 1977, ch. 38, par. 6—1.) He argues that a legislative intent to establish a similar rule for commitment to the Department of Corrections is obvious, because, under the section in question, a minor may be so committed only if his offense would permit the incarceration of an adult.

Alternatively, Griffin contends that the age requirement applies to the time the minor is found to be a delinquent. Using that stage as a benchmark, he maintains, would facilitate immediate rehabilitation planning upon a finding of delinquency and would not tempt prosecutors to delay disposition until the minor attains 13 years.

We judge that the appellate court's construction of the statute is correct. Whether the legislative intention found through that interpretation represents the best judgment

for determining a minor's eligibility for commitment to the Department of Corrections may be debated, as the parties have done. Our role in construing the statute, however, obviously is not to decide what the legislative design should be. The judicial function in construing a statute is to give effect to the intention of the legislature. (*People v. Beam* (1979), 74 Ill. 2d 240, 242; *People v. Scott* (1974), 57 Ill. 2d 353, 358.) We consider that it is clear that the legislature's concern was with the minor's age at the stage of disposition.

As we have noted, the statute provides that, in a dispositional order, a delinquent minor may be "committed to the Department of Corrections \*\*\* if he is 13 years of age or older \*\*\*." (Ill. Rev. Stat. 1977, ch. 37, par. 705–2(1)(a)(5).) We consider that the language of the section shows that the only requirement is that the minor be 13 years at the time the order of commitment is entered.

We do not read a qualification into that language and expression of legislative intention. There are parts of the Juvenile Court Act in which the legislature has determined that a minor's age at the time of the prohibited conduct will determine the applicability of certain provisions. One section expressly provides that whether a minor who engages in prohibited conduct is a delinquent is determined by his age at the time of the conduct. (Ill. Rev. Stat. 1977, ch. 37, par. 702–2.) The sections providing that a minor may be transferred from juvenile court for prosecution as an adult contain express language making transfer dependent upon the minor's age at the time he committed the offense. (Ill. Rev. Stat. 1977, ch. 37, pars. 702–7(1), (3), (4), (5).) One can reasonably assume that if the legislature had intended in the section we are examining that the minor's age at a stage other than the disposition stage was to be controlling, it would have expressed that intent as it did in the sections cited above. See *Peoria Savings & Loan Association v. Jefferson Trust & Savings Bank*

(1980), 81 Ill. 2d 461, 469-70 (the legislature's use of certain language in some sections of a statute, but differing language in others, indicates that different results were intended).

There is no merit to the contention that our interpretation is so arbitrary that the legislature could not have intended it. The interpretation is no more arbitrary than the statutory declaration that a minor's 13th birthday endows him with a "criminal capacity," or Griffin's suggestion that eligibility for commitment should depend upon the precise date he is found to be delinquent. Griffin's complaint is actually against the legislature's plain and unambiguous language expressing the legislative intent.

The argument that our holding will promote prosecutorial delays that are unnecessary, contrived, and in bad faith underestimates the abilities and experience of trial courts. An adequate safeguard against such delays, of course, will be the trial court's sophisticated scrutiny of the ground for requests for continuance. The Act provides for adjournment and continuance of a dispositional hearing "for a reasonable period to receive reports or other evidence ***." (Ill. Rev. Stat. 1977, ch. 37, par. 705—1(4).) The People concede that it would be improper to permit a prosecutor to continue a dispositional hearing simply to allow a minor to qualify in age for commitment to the Department of Corrections. We can deal with problems of this character when and if they arise.

We would observe, too, that the legislature recently has added another safeguard against extended delays. Under an amendment to section 5—1 of the Act (Ill. Rev. Stat. 1981, ch. 37, par. 705—1 (eff. Jan. 1, 1980)), where a minor is detained pending disposition, the adjournment and continuance of the dispositional hearing beyond 30 days will result in the minor's release from detention.

It is to be noted that our holding does not require a court to commit a minor who turns 13 prior to disposition

to the Department of Corrections. We hold only that such a disposition is available under the Act. The statute says a minor "may" be committed to the Department of Corrections. Commitment to the Department of Corrections is only one of the possible dispositions for a delinquent minor who has been adjudged a ward of the court. Ill. Rev. Stat. 1977, ch. 37, par. 705—2.

Such commitment to the Department of Corrections will be ordered for a minor only if the court finds that "(a) his parents, guardian or legal custodian are unfit or are unable, for some reason other than financial circumstances alone, to care for, protect, train or discipline the minor, or are unwilling to do so, and (b) the best interests of the minor and the public will not be served by [alternate] placement [as provided in the Act]." (Ill. Rev. Stat. 1977, ch. 37, par. 705—10(1).) The court must state for the record why it decided to so commit the minor (Ill. Rev. Stat. 1977, ch. 37, par. 705—1(5)), and its choice of that disposition is subject to appellate scrutiny for abuse of discretion. *In re Napier* (1980), 83 Ill. App. 3d 503; *In re Young* (1978), 63 Ill. App. 3d 897.

For the reasons given, the judgment of the appellate court is affirmed.

*Judgment affirmed.*