144

In re C.D., a Minor (The People of the State of Illinois, Petitioner-Appellee,
v. C.D., a Minor, Respondent-Appellant).

Fourth District    No. 4—90—0265

Opinion filed May 31, 1990.

Robert G. Kirchner, of Lerner & Kirchner, of Champaign, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle,
Robert J. Biderman, and Rebecca L. White, all of State's Attorneys Appel-
late Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:
The minor appeals from a sentence of probation imposed upon his
stipulation to the commission of aggravated battery in violation of the
Criminal Code of 1961. (Ill. Rev. Stat. 1987, ch. 38, par. 12—4(b)(8).)
As a condition of probation, the trial court ordered respondent to
serve two separate three-day periods of detention. The minor con-
tends the trial court was without authority to enter a sentence of de-

tention because the minor was less than 10 years of age at the time the dispositional order was entered. The State confesses the error and we agree.

■ Section 5—23 of the Juvenile Court Act of 1987 (Ill. Rev. Stat., 1988 Supp., ch. 37, par. 805—23(1)(a)(5)) permits an order of detention to be imposed upon a delinquent juvenile only if the minor is at least 10 years of age. It is undisputed that at the time the dispositional order was entered the minor was only nine years of age, although the periods of detention would have been served after he became 10 years old.

■ With respect to juveniles, the supreme court has indicated that the relevant date for determining age, when that is a factor to be taken into account, is the date of the dispositional order. (*In re Griffin* (1982), 92 Ill. 2d 48, 440 N.E.2d 852; see also *People v. Taylor* (1979), 76 Ill. 2d 289, 391 N.E.2d 366.) Because the minor was less than 10 years of age on the date of the dispositional hearing, detention was not an appropriate condition of probation and may not be reimposed upon remand. *Cf. People v. Carr* (1961), 23 Ill. 2d 103, 177 N.E.2d 361; *People v. Wesley* (1966), 78 Ill. App. 2d 350, 223 N.E.2d 428.

Having concluded the trial court erred in ordering detention, we need not consider the minor's alternative contention that the court was without authority to impose separate periods of detention.

■ Finally, although the minor requests that this court resentence him to supervision, we believe the trial court is in a better position to make that determination.

Accordingly, the judgment of probation is vacated and the cause is remanded to the trial court for a new dispositional hearing.

Sentence vacated and remanded.

LUND and GREEN, JJ., concur.