BERNICE RATLEDGE, Widow of William L. Ratledge, Deceased, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Helle Hardwoods, Appellee).

Second District   No. 2—99—0781WC

Opinion filed February 25, 2000.—Rehearing denied April 4, 2000.

Paul W. Pasche, of Anesi, Ozmon, Rodin, Novak & Kohen, Ltd., of Chicago, for appellant.

Daniel J. Moriarty, of Hennessy & Roach, P.C., of Chicago, for appellee.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

On May 20, 1998, appellee, Helle Hardwoods (respondent), filed a motion before the Industrial Commission (Commission) to terminate lifetime benefits to appellant, Bernice Ratledge (claimant), under section 7(a) of the Workmen's Compensation Act (Act) (Ill. Rev. Stat. 1975, ch. 48, par. 138.7(a) (now section 7(a) of the Workers' Compensation Act (820 ILCS 305/7(a) (West 1998))). On September 23, 1998, the Commission denied respondent's motion. On February 9, 1999, the circuit court reversed the decision of the Commission. On April 20, 1999, pursuant to claimant's motion, the circuit court reconsidered its February 1999 order and affirmed the Commission's denial of the petition to terminate. On June 9, 1999, the circuit court, pursuant to respondent's motion, issued a supplementary statement with respect to the April 20, 1999, opinion and order. Claimant appeals, arguing (1) the circuit court lacked authority to issue the supplementary order; and (2) the circuit court's supplementary order was contrary to the law. To the extent that the circuit court's decision modifies the Commission decision, we vacate the circuit court's decision and reinstate the Commission decision.

On January 16, 1976, decedent, William L. Ratledge, suffered fatal injuries arising out of and in the course of his employment with respondent. William Ratledge was survived by his wife, the claimant herein, and two minor children, Timothy (then age 5) and Kimberly (date of birth, September 24, 1974). On February 27, 1976, claimant filed an application for adjustment of claim. On September 13, 1976, the arbitrator awarded claimant $105.33 per week in lifetime benefits pursuant to section 7(a) of the Act. Respondent did not dispute this award and it became the final order of the Commission as of September 28, 1976.

On August 18, 1991, claimant remarried. At the time of claimant's remarriage, Timothy had reached majority age but Kimberly had not.

With respect to its April 20, 1999, order, the circuit court disagreed with the Commission's reasoning and case analysis, but nevertheless confirmed the Commission's denial of respondent's motion to terminate benefits. As to respondent's May 7, 1999, motion to clarify, the circuit court's supplemental June 9 order restated its April 20, 1999, opinion and order. On July 6, 1999, claimant filed her notice of appeal.

Although we disagree with the claimant's assertion that the circuit court lacked jurisdiction with respect to the May 7 motion, we agree with the Commission and claimant with respect to the precedent of *Interlake, Inc. v. Industrial Comm'n*, 95 Ill. 2d 181, 447 N.E.2d 339 (1983), and will not address claimant's first issue. We also note that, even if the circuit court lacked the authority to enter the June 9, 1999, supplemental order, the outcome would be the same. Despite claimant's assertions in her brief, the circuit court's supplemental order did not substantially differ from the April 20, 1999, opinion and order. Both orders provided that claimant was entitled to compensation until Kimberly turned 18, unless Kimberly enrolled in an accredited academic institution, in which case claimant was entitled to benefits until Kimberly reached age 25.

■ Section 7(a) of the Act governs lifetime benefit awards and, at the time of decedent's death, provided substantially what it now provides in its current form:

"(a) If the employee leaves a surviving *** widow, widower, child or children, the applicable weekly compensation rate computed in accordance with subparagraph 2 of paragraph (b) of Section 8, shall be payable during the life of the widow or widower and if any surviving child or children shall not be physically or mentally incapacitated then until the death of the widow or widower or until the youngest child shall reach the age of 18, whichever shall come later; provided that if such child or children shall be enrolled as a full time student in any accredited educational institution, the payments shall continue until such child has attained the age of 25. In the event any surviving child or children shall be physically or mentally incapacitated, the payments shall continue for the duration of such incapacity.

\* \* \*

In the event of the remarriage of a widow or widower, where the decedent did not leave surviving any child or children who, at the time of such remarriage, are entitled to compensation benefits under this Act, the surviving spouse shall be paid a lump sum equal to 2 years compensation benefits and all further rights of such widow or widower shall be extinguished." Ill. Rev. Stat. 1975, ch. 48, par. 138.7(a) (now 820 ILCS 305/7(a) (West 1998)).

Two cases have addressed this section. First, in *Interlake* decedent died from work-related injuries, and decedent's widow remarried. At the time of her remarriage, two of decedent's surviving children were minors and therefore entitled to support. Our supreme court unanimously held:

"Under the language of the section, \*\*\* decedent's widow[ ] is entitled to benefits *until she dies*, because she did not remarry at a time when none of the decedent's children were entitled to support. *There simply is no provision in the statute for terminating a widow's benefits upon remarriage when there remain minor children entitled* to *support*." (Emphasis added.) *Interlake*, 95 Ill. 2d at 191, 447 N.E.2d at 344.

Our supreme court examined section 7(a) again in *Stewart v. Industrial Comm'n*, 115 Ill. 2d 337, 504 N.E.2d 84 (1987). In *Stewart*, decedent died of work-related injuries. The arbitrator awarded death benefits to decedent's widow (decedent's second wife) and decedent's four children from a previous marriage who lived with their natural mother. Prior to the Commission's ruling on review, decedent's widow remarried. The Commission held that, under *Interlake*, her remarriage did not affect her right to continuing benefits. *Stewart*, 115 Ill. 2d at 339, 504 N.E.2d at 85. On appeal to the supreme court, decedent's widow argued that, under *Interlake*, she was entitled to benefits for life irrespective of her remarriage. The supreme court disagreed and distinguished *Interlake*, finding "the widow in *Interlake* was the natural mother of the decedent's children and was responsible for their care and support, whereas the widow in the present case is the decedent's second wife and is not responsible for the decedent's children." *Stewart*, 115 Ill. 2d at 340, 504 N.E.2d at 85.

Turning to the case at bar, the Commission found that the instant case was "on all fours with *Interlake*. \*\*\* According to the law in *Interlake*, benefits to the widow continue as the remarriage occurred while [Kimberly] was a minor. The Commission notes *Stewart* did not overrule *Interlake*."

In response to respondent's May 7, 1999, motion for clarification, the circuit court's order of June 9, 1999, stated in part:

"The Industrial Commission correctly noted that *Stewart* did not overrule *Interlake*, but it failed to observe that *Stewart* established that the purpose of [s]ection 7(a) was to provide against hardship for families who lose a primary wage earner. [Citation.] As a consequence, eligibility for benefits must terminate at some point; namely, when responsibility for the care and support of self or minor children is no longer the survivor's sole responsibility.

In the case at bar, as soon as Bernice's daughter Kimberly reached the age of majority, Bernice ceased to be responsible for

the care and support of her daughter. As a consequence, *Bernice's benefits \*\*\* expired as soon as Kimberly reached 18, or [alternatively at] age 25 if Kimberly was attending an accredited educational institution on a full[-]time basis.*" (Emphasis added.)

We disagree with the circuit court's analysis of *Interlake* and *Stewart*. *Interlake* states that a widow in claimant's situation shall receive benefits for life. *Interlake*, 95 Ill. 2d at 191, 447 N.E.2d at 344. One cannot conclude, therefore, that *Interlake* is still good law while also concluding that claimant's benefits will terminate before her death. The pivotal issue, therefore, is whether *Stewart* impliedly overturned *Interlake* or merely created an exception to *Interlake*. Respondent contends that *Stewart* and *Interlake* are irreconcilable and *Stewart*, being the most recent, should control. Respondent further argues that the supreme court's aforementioned legislative intent analysis in *Stewart* indicates that once Kimberly reached majority age (or if she was a full-time student, age 25) her financial dependency upon claimant ceased and claimant's entitlement to benefits would have likewise ceased. See *Stewart*, 115 Ill. 2d at 341-42, 504 N.E.2d at 86. We disagree.

*Stewart* does not explicitly overrule *Interlake*. Nevertheless, respondent contends that the court's finding in *Stewart* that section 7(a) is ambiguous and its subsequent legislative intent analysis indicate that the supreme court impliedly intended to overrule *Interlake*. However, *Stewart* and *Interlake* can coexist. The ambiguity recognized in *Stewart* relates to the existence of second spouses and children in the care of their natural parents. See *Stewart*, 115 Ill. 2d at 341, 504 N.E.2d at 86 (stating "[t]he legislature apparently neglected to consider the consequences of the remarriage provision" under these circumstances). Therefore, *Stewart* may be regarded as an exception to *Interlake*. See *Stewart*, 115 Ill. 2d at 347, 504 N.E.2d at 89 (Goldenhersh, J., dissenting) (recognizing that the majority's opinion creates an exception to section 7(a) that the legislature could have easily created had it so intended).

■ The court in *Stewart* makes several remarks negating the conclusion that it intended to overrule *Interlake*. See, *e.g.*, *Stewart*, 115 Ill. 2d at 340, 504 N.E.2d at 85 (stating "*Interlake \*\*\* does not govern this case*"); see also *Stewart*, 115 Ill. 2d at 341, 504 N.E.2d at 86 (discussing its holding in *Interlake* and then stating that "[i]n this case[,] *it remains for us to decide[ ] \*\*\* what is to occur in the context of the facts presented here*" (emphasis added)). Finally, we note that, after determining that the second spouse in *Stewart* was not entitled to lifetime benefits, the court appeared to impliedly reaffirm *Interlake*, stating:

"The statute *does not cut off benefits to the surviving spouse upon remarriage where there are minor, dependent children,* however, undoubtedly because the children's care and support continues to be the surviving parent's, and not the step-parent's, responsibility. *Only if the decedent's children have reached majority prior to a remarriage does the presumption of the surviving parent's dependency upon the decedent end in the event of remarriage.*" (Emphasis added.) *Stewart*, 115 Ill. 2d at 341-42, 504 N.E.2d at 86.

Whatever one may think of section 7(a) (see *Stewart*, 115 Ill. 2d at 342-43, 504 N.E.2d at 87 (Ward, J., dissenting) (stating that "this court no fewer than four times has unsuccessfully sought to convince the legislature of the unwisdom" of section 7(a))), the supreme court established in *Interlake* that claimant's benefits shall continue for life. *Interlake*, 95 Ill. 2d at 191, 447 N.E.2d at 344.

As the supreme court stated in *Interlake*:

"Here the language is clear. The legislature could have included a provision terminating a widow's benefits in a case where she remarries with children entitled to support, but it did not. It is, of course, not our place to state what course we consider the legislature should have taken. *In re Griffin* (1982), 92 Ill. 2d 48, 52[, 440 N.E.2d 852]." *Interlake*, 95 Ill. 2d at 193, 447 N.E.2d at 345.

Many years have passed since the supreme court decided *Interlake* in 1983. Widows' benefits pursuant to section 7(a) of the Act are a matter for the legislature.

For the foregoing reasons, we vacate the circuit court's judgment insofar as it modified the Commission decision, and we reinstate the Commission's decision.

Circuit court judgment vacated in part; Commission decision reinstated.

RAKOWSKI, COLWELL, HOLDRIDGE, and RARICK, JJ., concur.