*In re* J. M. S., a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* J. M. S., Respondent-Appellant.)

Fourth District    No. 15920

Opinion filed February 3, 1981.

Daniel D. Yuhas and David Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Gary J. Anderson and Robert J. Biderman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The State petitioned to revoke the respondent's probation alleging the criminal offenses of burglary and fleeing or attempting to elude a police officer; earlier the minor had been adjudicated a delinquent. At the adjudicatory hearing on the petition to revoke, the trial court found that the violations of the terms of probation had been proved by a preponderance of the evidence. The trial judge then reinstituted probation for 18 more months, with additional conditions and requirements, including that the respondent pay restitution of $50 and court costs of $64.80, both in three monthly installments. On appeal the respondent argues that the restitution and costs portions of the new terms of probation are invalid

because at the time he was sentenced the Juvenile Court Act (Act) did not expressly list them as permissible conditions of probation. (Ill. Rev. Stat. 1977, ch. 37, par. 705—3(2).) Throughout these proceedings the Act has contained a catchall permitting the trial court to require that a minor "comply with other conditions as may be ordered by the court." Ill. Rev. Stat. 1979, ch. 37, par. 705—3(2)(*o*).

The order of restitution reflects half the damage to a car caused in one of the burglaries; another minor was also involved in that offense. We do not interpret section 5—3(2)(*o*) to have authorized wider discretion in the trial court in ordering restitution than the express provision existing today. Section 5—3(2)(*1*) of the current Juvenile Court Act (Ill. Rev. Stat. 1979, ch. 37, par. 705—3(2)(*1*)), permitting restitution as a condition of probation, requires that the order of restitution comply with the terms of section 5—2(4) of the Act (Ill. Rev. Stat. 1979, ch. 37, par. 705—2(4)). Section 5—2(4) in turn invokes the provisions of section 5—5—6 of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—6). This section expressly limits restitution to amounts due the victim of the offense for which the defendant was convicted. Section 5—6—3(b)(9) of the Unified Code of Corrections permits restitution as a condition of probation or conditional discharge (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—3(b)(9)). *People v. Mahle* (1974), 57 Ill. 2d 279, 312 N.E.2d 267, interpreted this latter provision as limiting orders of restitution to the charges upon which a defendant was convicted.

■■ Given the holding in *Mahle* and the relationship between the Juvenile Court Act and the Unified Code of Corrections, we conclude that the trial court lacked the authority to order restitution to a victim of the offense leading to the modification of the terms of probation. There was no "conviction" of such offense.

■■ The trial court also ordered the respondent to pay court costs. We disagree with *dictum* in *People v. Vaughn* (1979), 75 Ill. App. 3d 121, 122, 394 N.E.2d 19, 20, that section 5—3(2)(*o*) grants a trial judge the authority to require a minor to pay court costs as a condition of probation. Recovery of court costs was unknown at common law and is permitted only if authorized by statute; courts construe such statutes strictly. (*People v. Nicholls* (1978), 71 Ill. 2d 166, 173, 374 N.E.2d 194, 197.) The Juvenile Court Act does not contain any provisions concerning the payment of costs (*In re G.B.* (1980), 88 Ill. App. 3d 64, 410 N.E.2d 410), and the broad phrases of section 5—3(2)(*o*) do not supply statutory justification for imposing costs.

In reviewing the record, we discover that as part of the disposition for the respondent's first delinquency petition the trial court ordered him to pay $119.20 in court costs as a condition of his supervision; other portions of the record disclose that the minor paid the entire amount of

costs ordered. The respondent did not appeal the imposition of costs, however, and does not raise it here.

■■ The State argues that if court costs are disallowed, the respondent is still liable for $10 as a fee to the State's Attorney. (Ill. Rev. Stat. 1979, ch. 53, par. 8.) That section provides: "For each proceeding in the circuit court to inquire into the alleged dependency or delinquency of any child, $10." Ignoring the question whether that provision applies to proceedings to revoke probation, we conclude that no statutory basis exists for assessing the fee against the respondent. *Nicholls* determined that criminal defendants may be liable for the $50 fee granted State's Attorneys in defending appeals. (Ill. Rev. Stat. 1979, ch. 53, par. 8.) Basic to the decision, however, was the view that fees are taxable as costs against criminal defendants. *Nicholls* relied on a provision that says: "When any person is convicted of an offense under any statute, or at common law, the court shall give judgment that the offender pay the costs of the prosecution." (Ill. Rev. Stat. 1979, ch. 38, par. 180—3.) As noted above, the Juvenile Court Act does not contain a corresponding provision. (*In re G.B.*) Thus, taxing the $10 as costs would be improper. A *per diem* fee is similarly not allowed.

Those portions of the trial judgment pertaining to restitution and costs are vacated.

Order affirmed in part, vacated in part, and remanded.

GREEN and WEBBER, JJ., concur.