THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
SUZANNE COLLINS, a/k/a Suanne Lasch *et al.*, Defendant-Appellant.

Fourth District    No. 17122⁻

Opinion filed September 30, 1981.

Daniel D. Yuhas and Lawrence Bapst, both of State Appellate Defender's Office, of Springfield (Mike Southworth, law student, of counsel), for appellant.

C. David Vogel, State's Attorney, of Pontiac (Robert J. Biderman and James K. Horstman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

Defendant Suzanne Collins appeals her conviction of theft by deception (Ill. Rev. Stat. 1979, ch. 38, par. 16—1(b)(1)) and subsequent sentence of 5 years' imprisonment, all entered in the circuit court of Livingston County. She maintains that the trial court erred in denying her motion to withdraw her plea of guilty and in considering improper matters and proceeding without a presentencing report at sentencing. As we rule that defendant must be given leave to withdraw her plea, we need not consider the propriety of the procedure at sentencing.

On April 6, 1981, defendant appeared before the circuit court with her court-appointed counsel. Defendant told the court she wished to enter a plea of guilty to the charge of theft by deception, and the court was

informed that the prosecution and the defendant had entered into a written plea agreement whereby the defendant was to enter the plea and agree to make restitution of $1,500 to the victim of the offense and the State agreed to *nol pros* an additional charge and to recommend defendant be given a 3-year sentence to run concurrently with a Federal sentence defendant was serving. The court advised defendant of her various rights and questioned her with reference to the voluntary nature of the plea. The colloquy then proceeded as follows:

"THE COURT: You have been promised something and that promise has been reduced to writing and is contained in a written plea agreement, is that correct?

DEFENDANT: Yes.

THE COURT: Do you understand that contains all of the terms and conditions of the agreement in existence between you and the State's Attorney's office?

DEFENDANT: Yes.

THE COURT: Do you understand that the court did not participate in the negotiations of this agreement?

DEFENDANT: Yes I do.

THE COURT: Do you understand that the court has not concurred conditionally or otherwise in the agreement?

DEFENDANT: Yes I do.

THE COURT: And that the court is not bound to follow it?

DEFENDANT: Yes."

The trial court proceeded in further compliance with Supreme Court Rule 402 (73 Ill. 2d R. 402) and entered a judgment on the plea. The case was then called for sentencing. After hearing the prosecutor's recommendation, which was in accordance with the plea agreement, the court stated it could not accept the prosecutor's recommendation and sentenced defendant to 5 years' imprisonment to run concurrently with her Federal sentence. Defendant then stated:

"I would like to withdraw my plea. It is my understanding I can withdraw my plea based on the information given to me by the public defender."

The trial court explained that it was denying her motion because it had told her the plea agreement was not binding on it. Defendant then stated:

"Well, Your Honor, I would like to say on the record I believe that I have been misled by the facts brought to me upon signing this paper which I thought was a binding agreement. I do not contest everything the court says to me and the terminology used but I still would like to withdraw my plea of guilty and take a jury trial and I don't know how you would view that motion but I would like that."

On April 8, 1981, defendant's court-appointed counsel filed a petition on behalf of defendant wherein she sought to withdraw her plea of guilty. The petition made no allegation that defense counsel had misled defendant with reference to her rights to withdraw her plea of guilty if the trial court refused to follow the plea agreement. On appeal, defendant maintains the court should have appointed a new counsel for defendant to represent her on her petition to withdraw her plea because her statement in open court indicated she felt that her trial counsel had not properly advised her and he could not properly represent her when his competency was in issue. *People v. Terry* (1970), 46 Ill. 2d 75, 262 N.E.2d 923; *People v. Smith* (1967), 37 Ill. 2d 622, 230 N.E.2d 169.

■■ The situation created was an unusual and awkward one, but we need not pass upon whether error was created in this respect, because we determine that a much more fundamental error occurred in the application of Supreme Court Rule 402(d) which concerns plea discussions and plea agreements reached by the prosecution and the defense. Rule 402(d)(2) provides for the procedure when such agreements receive the concurrence or conditional concurrence of the court. If the trial judge has indicated his concurrence or conditional concurrence after the plea of guilty has been entered, he shall so advise the parties and then call upon the defendant either to affirm or to withdraw his plea of guilty. If the plea is withdrawn, the judge must recuse himself (Rule 402(d)(2)). Rule 402(d)(3) governs the situation where, as here, the court has either declined to commit himself to follow the agreement or has not been consulted. Under these circumstances, when the plea agreement is presented, the court is required to inform the defendant that the court is not bound by the agreement and that "if the defendant *persists* in his plea the disposition may be different from that contemplated by the plea agreement." (Emphasis added.) (73 Ill. 2d R. 402(d)(3).) The rule clearly requires the court to make both explanations and to expressly give the defendant an opportunty to *persist in* or *withdraw* the plea.

Here, the court fully informed the defendant that it was not bound by the agreement but did not explain to defendant that if she persisted in the plea, a different disposition might be made. The court also failed to ask the defendant if she *persisted in* or wished to withdraw her plea. Had the court done so, the misunderstanding alleged here would not have occurred. As it was, the record was ambiguous as to whether the defendant knew the court did not have to follow the agreement, but thought she could withdraw the plea if the court did not.

■■ We deem the crucial due process aspect of the procedure under Rule 402(d) to be the requirement that the court must tender to a defendant the opportunity (1) to *affirm* or withdraw a guilty plea entered upon a court's subsequently *withdrawn* concurrence or conditional concurrence in a plea agreement, or (2) to *persist* in or *withdraw* a guilty plea entered on a

plea agreement after a court that has not concurred in the agreement has explained its right to disregard the agreement and the consequences of its doing so. We note that the Rule requires these opportunities to be offered to the defendant before the court has indicated what its sentence will be. Thus, when the sentence is imposed, a dissatisfied defendant is in no position to complain.

We consider the necessity of properly following the procedure to be so important that the failure to follow it here was plain error. Accordingly, we reverse the sentence and order denying defendant leave to withdraw her plea and remand to the trial court with directions to allow defendant to plead anew.

Reversed and remanded with directions.

WEBBER and MILLS, JJ., concur.