THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JOSE GIERBOLINI, Defendant-Appellant.

First District (4th Division)   No. 83—3043

Opinion filed November 15, 1984.

Steven R. Decker, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Timothy J. Frenzer, and Phillip J. Bartolementi, Assistant State's Attorneys, of counsel), for the People.

JUSTICE JOHNSON delivered the opinion of the court:

Defendant, Jose Gierbolini, appeals from the trial court's denial of his motion to withdraw his pleas of guilty to two informations, each of which charged him with possession of a controlled substance (heroin) with intent to deliver. (Ill. Rev. Stat. 1981, ch. 56½, par. 1401(c).) Defendant was sentenced to serve four years in the Department of Corrections on each conviction, the sentences to run concurrently. Defendant contends that the trial court erred in denying his motion to withdraw his guilty pleas and that he was denied the effective assistance of counsel.

# I

■ The defendant entered his pleas of guilty to the informations pursuant to a plea agreement with the State which promised to recommend a sentence of three years' imprisonment on each plea. The State fulfilled this promise. Prior to entering his pleas, the defendant did not seek the concurrence or conditional concurrence of the trial court to the plea agreement.

Supreme Court Rule 402(d)(3) provides:

> "If the parties have not sought or the trial judge has declined to give his concurrence or conditional concurrence to a plea agreement, he shall inform the defendant in open court at the time the agreement is stated as required by paragraph (b) of this rule that the court is not bound by the plea agreement, and that if the defendant persists in his plea the disposition may be different from that contemplated by the plea agreement." 87 Ill. 2d R. 402(d)(3).

In the course of taking defendant's pleas, the trial judge advised the defendant that "it doesn't make any difference how you're found guilty, whether it's after a plea or after a trial. It's a judge who decides what your sentence will be. Now, the attorneys can make recommendations, but I don't have to follow their recommendations, all I have to do is follow the law, do you understand that?" The defendant stated that he understood. The court then proceeded to inform defendant of the possible penalties for possession of a controlled substance with intent to deliver.

Relying on *People v. Collins* (1981), 100 Ill. App. 3d 611, 426 N.E.2d 1274, defendant now contends that by not warning him that if he persisted in his pleas of guilty the disposition might be different from that contemplated by the plea agreement, the trial judge failed to comply substantially with Rule 402(d)(3).

In *Collins*, the court held that where the trial judge has not been consulted regarding a plea agreement, Rule 402(d)(3) requires the judge "to inform the defendant that the court is not bound by the agreement and that 'if the defendant *persists* in his plea, the disposition may be different from that contemplated by the plea agreement.' (Emphasis added.) [Citation.] The rule clearly requires the court to make both explanations and to expressly give the defendant an opportunity to *persist in* or *withdraw* the plea." 100 Ill. App. 3d 611, 613.

In *Collins*, the court also stated:

> "[T]he court fully informed the defendant that it was not bound by the agreement but did not explain to defendant that if she persisted in the plea, a different disposition might be made.

The court also failed to ask the defendant if she *persisted in* or wished to withdraw her plea. Had the court done so, the misunderstanding alleged here [*i.e.*, that the plea agreement was binding upon the court] would not have occurred. As it was, the record was ambiguous as to whether the defendant knew the court did not have to follow the agreement, but thought she could withdraw the plea if the court did not." 100 Ill. App. 3d 611, 613.

In reviewing the *Collins* decision, we note that the opinion does not indicate whether the trial judge advised the defendant of the range of possible penalties. In the present case, however, immediately after the defendant acknowledged that the trial court was not bound to follow the parties' recommendation, the court informed defendant of the possible penalties. In light of these admonishments, defendant's testimony at the hearing on his motion to withdraw his guilty pleas that he was not aware that he could be given a sentence in excess of the recommended three years is not credible.

In *Collins*, the reviewing court also held that under Rule 402(d)(3) "the [trial] court must tender to a defendant the opportunity *** to *persist* in or *withdraw* a guilty plea entered on a plea agreement after a court *** has explained its right to disregard the agreement and the consequences of its doing so." (100 Ill. App. 3d 611, 613-14.) Here, after the defendant was advised of the penalties, the court again asked the defendant if he wanted to plead guilty to the informations. In this respect the facts in the case at bar more closely resemble those in *People v. Lambrechts* (1977), 69 Ill. 2d 544, 372 N.E.2d 641.

In *Lambrechts*, the trial court advised the defendant that it was not bound by the agreement that the defendant's attorney had entered into with the State's Attorney. The defendant acknowledged this warning. At some point later in taking defendant's plea, the court asked defendant whether he still wished to plead guilty to the charge in the indictment, and the defendant said yes. On appeal, defendant argued that he had been denied due process because he had been sentenced to a substantially longer term than had been recommended by the prosecutor as part of the agreement to plead guilty. The court rejected this argument, concluding that there was no basis upon which to hold that defendant's guilty plea was not properly accepted.

In our judgment, the supreme court's decision in *Lambrechts* requires us to reject defendant's argument that his guilty plea in the present case was not properly accepted. We note further that the decision in *Collins*, relied upon by defendant, appears to be inconsistent with an earlier appellate court decision. See *People v. Myers* (1976),

36 Ill. App. 3d 458, 461-62, 343 N.E.2d 613.

## II

■ Defendant next contends that he was denied his constitutional right to the effective assistance of counsel because his trial attorney failed to file a motion to suppress evidence seized in his apartment.

To prevail on a claim of ineffective assistance of counsel, a defendant must establish clearly both that his attorney was actually incompetent as reflected in the performance of his duties as a trial attorney, and that that incompetence produced substantial prejudice to the defendant such that the outcome of the trial was probably changed. (*People v. Albanese* (1984), 104 Ill. 2d 504; *People v. Martin* (1983), 112 Ill. App. 3d 486, 493-94, 445 N.E.2d 795.) Failure of counsel to file a motion to suppress evidence is not *per se* incompetence. (*People v. Henry* (1982), 103 Ill. App. 3d 1143, 1146, 432 N.E.2d 359.) Whether or not a motion to suppress should be filed is a matter of trial tactics and almost invariably has no bearing on the issues of competency of counsel. *People v. Ortiz* (1981), 96 Ill. App. 3d 497, 503, 421 N.E.2d 556.

In the present case, defendant suggests in his brief that "[i]f the motion to suppress [had been filed and] had been successful, based upon an improper entry into the defendant's apartment, the prosecution would have been prevented from introducing any evidence whatsoever of the defendant's possession of various controlled substances." This suggestion is wholly speculative. A claim of ineffective assistance of counsel cannot be based on mere conjecture. *People v. Martin* (1983), 112 Ill. App. 3d 486, 494, 445 N.E.2d 795.

In our judgment, defendant has failed to demonstrate that his trial counsel was incompetent. Whether a motion to suppress, if filed, would have been successful or not is not so clear as to admit of only the conclusion that the motion would have been successful. (*People v. Henry* (1982), 103 Ill. App. 3d 1143, 1146-47, 432 N.E.2d 359.) We therefore conclude that defendant has failed to show that a motion to suppress would have been granted or that the outcome of the trial would have been different had such a motion been granted. *People v. Ortiz* (1981), 96 Ill. App. 3d 497, 503, 421 N.E.2d 556.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

LINN, P.J., and JIGANTI, J., concur.