*In re* T.A.C., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. T.A.C., Respondent-Appellant).

Fourth District   No. 4—85—0344

Opinion filed November 26, 1985.

Daniel D. Yuhas and John J. Hanlon, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert J. Biderman, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE SPITZ delivered the opinion of the court:

An original and supplemental petition was filed in the circuit court of Champaign County alleging T.A.C. was a delinquent minor under the Juvenile Court Act (Ill. Rev. Stat. 1983, ch. 37, par. 701—1 et seq.). On July 12, 1983, the minor stipulated to the criminal damage to property allegation on the supplemental petition, was adjudicated delinquent and declared a ward of the court. The original petition was withdrawn and dismissed. The minor was placed on 24 months' probation and ordered to serve four days in the youth detention center. The record indicates T.A.C. had been drinking alcoholic beverages when the criminal damage offense occurred.

A petition to revoke probation was filed on June 8, 1984, alleging that T.A.C. had committed a theft and a battery.

On August 8, 1984, the minor entered a stipulation to the theft charge. A dispositional hearing was held on August 30, 1984. The court imposed a new 12-month term of probation and ordered the minor to spend 18 days in detention.

On April 22, 1985, a petition to revoke probation was again filed based upon charges of four burglary counts and one count of criminal damage to property. On May 10, 1985, the minor stipulated to the criminal damage to property allegation in return for the dismissal of the other allegations and for the State's Attorney's agreement to abide by the Court Services Department's recommendation as to disposition. Again, the minor had apparently consumed alcohol prior to the commission of the underlying criminal damage offense.

The minor was in detention from April 19, 1985, until May 21, 1985, the date of the dispositional hearing. The court noted it had received and read the dispositional report. Attached to the report were evaluations of the minor from the Champaign County Mental Health Center and the Prairie Center for Substance Abuse. The former report noted the minor's "long history of family stress and traumas cul-

minating with the father's departure," and his "learning disabilities." This report recommended certain counseling and treatment for the minor. The latter report indicated that T.A.C. was in the "prodromal" stage of alcoholism and opined that the minor was in need of residential treatment for his alcohol/drug abuse.

The State's Attorney recommended T.A.C. be placed in the Department of Corrections as per the recommendation of the Court Services Department through the dispositional report. The minor's attorney urged the minor be afforded treatment in a substance abuse rehabilitation program. In support of this recommendation of alternative placement, testimony was received from the clinical director of Bloomington's Lighthouse Substance Abuse Program. This witness testified Lighthouse offered a comprehensive residential, five-stage evaluation, counseling and treatment program with juveniles receiving separate housing and treatment. The witness testified in her opinion T.A.C. was eligible for treatment in Lighthouse.

The trial court, citing the serious nature of the minor's behavior, ordered him committed to the Department of Corrections. The court stated its belief that the minor's best interest would not be served by alternative placement under the Juvenile Court Act. The minor appeals.

The issues presented for review are:

(1) Whether the record of the minor's admission and stipulation shows the trial court's acceptance of the admission and stipulation was constitutionally valid.

(2) Whether the trial court's commitment of the minor was appropriate, given the minor's history of criminal activity.

(3) Whether, where the trial court's decision was rendered with due consideration of the other alternative placements, it was not abuse of discretion to reject those alternatives, placing the minor with the Department of Corrections instead.

(4) Whether, where the trial court properly warned the minor that his probation would be revoked if he violated its conditions, it was not an abuse of discretion to commit the minor to the Department of Corrections.

The minor claims the trial court erred because, he, the minor, was not given an opportunity to affirm or withdraw his admission and stipulation after the court had admonished him as to his rights under the petition to revoke probation and the possible dispositions at the court's disposal.

The record clearly indicates that the trial court was advised that the minor was offering to admit and stipulate to the charges pending

against him being criminal damage to property. The admonition given the minor by the court was thorough and complete as to the minor's rights and dispositional alternatives. When questioned by the court about the admission and stipulation pursuant to Supreme Court Rule 402 (87 Ill. 2d R. 402), the minor responded that he understood the nature of the charge, the right to require the State to prove the charges against him, his right to confront and cross-examine witnesses testifying for the State and the minor's right to call witnesses on his behalf in defense of the charge and his right to a trial and the consequences of his plea. He also responded that no threats were made to him to induce his admission and stipulation. It is also noted the minor had appeared before the court on two other occasions when he was admonished as to these same matters.

In spite of the record and the lack of contrary representations either by the minor or his counsel, he now claims that the record does not demonstrate an observance of his rights. Specifically, he claims the trial court failed to observe his rights to be given an opportunity to withdraw the admission and stipulation, citing three cases in support of his position, *In re Beasley* (1977), 66 Ill. 2d 385, 362 N.E.2d 1024, *Boykin v. Alabama* (1969), 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709, and *People v. Collins* (1981), 100 Ill. App. 3d 611, 426 N.E.2d 1274. None of these cases support his claim. *Collins*, involving an adult criminal proceeding, involves the right of a felony-defendant to affirm or withdraw a guilty plea. A reading of *Collins* reveals that the right to be given such a defendant to withdraw a guilty plea arises from Supreme Court Rule 402(d), which governs negotiated pleas in such criminal cases. This court has specifically held, citing the *Beasley* decision, that the requirements of Rule 402 do not apply in juvenile cases. *In re L.E.J.* (1983), 115 Ill. App. 3d 993, 451 N.E.2d 289.

■ The trial court relied on counsel for T.A.C.'s assurance that a factual basis existed for the admission and stipulation of the minor. Neither counsel for T.A.C. nor the minor made any indication that the minor might desire to withdraw his admission and stipulation. The minor's admission and stipulation were made voluntarily and with full awareness of the consequences. There was no error on the part of the trial court in accepting his admission and stipulation.

The minor further claims the commitment to the Department of Corrections was an abuse of discretion.

■ Section 5—2 of the Juvenile Court Act sets forth the various dispositional alternatives, one of which is commitment to the Department of Corrections. (Ill. Rev. Stat. 1983, ch. 37, par. 705—2.) A trial

court may choose as it sees fit, among the various alternatives, and not defer to any particular disposition. (*In re F.L.W.* (1979), 73 Ill. App. 3d 355, 391 N.E.2d 1070.) The trial judge had wide discretion in determining an appropriate disposition, and his decision will not be reversed unless an abuse of discretion is demonstrated. *In re M.D.B.* (1984), 121 Ill. App. 3d 77, 458 N.E.2d 1380.

■ The trial court noted T.A.C. had been before the court three times in slightly more than two years. Counseling services had been made available to the minor to deal with his specific problems but he had failed to participate. In view of the endeavors by staff of the Court Services Department to make available to the minor a number of opportunities to correct his behavioral problems and his failure to cooperate, his lack of concern and disdain at these efforts, the trial court had every right to commit to the Department of Corrections rather than select some other alternative suggested at the dispositional hearing.

■ The court further rejects the minor's contention that the trial court had predetermined a commitment to the Department of Corrections when the minor was placed on probation. The minor quotes certain language of the trial court at the August 30, 1984, dispositional hearing to indicate this. The language relied upon by the minor and as stated by the trial court as reflected in the record is as follows: "Mr. C., the court is running out of time, interest, and patience in your case. The next time there is a violation of any of these rules of probation, it's *likely* you will be simply committed to the Illinois Department of Corrections." (Emphasis added.)

The trial court in addition admonished the minor at the time that the offenses he had committed were serious offenses and that it was vitally necessary for the minor to strictly obey the terms of his probation.

It is common practice to warn a probationer convicted of a serious offense or with an extensive criminal history that he must strictly adhere to the terms of probation or face confinement. In *In re B.R.J.* (1985), 133 Ill. App. 3d 542, 544, 478 N.E.2d 1206, 1208, the trial judge warned the minor, brought before the court on the charge of battery, " '[t]hat there is no violation you can commit of probationary conditions so small, that upon its being proven in this courtroom, you will be committed to the Department of Corrections.' "

The probation was subsequently revoked. The minor was committed to the Department of Corrections. On appeal, this court disagreed with the minor that the trial court had determined in advance that the minor would be committed to the Department of Corrections. This

court stated that it looked upon the language used at the dispositional hearing as an attempt on the part of the trial court to use shock and reality therapy as a last ditch effort to obtain compliance to the rules of probation.

While the trial court in this case admonished the minor in straightforward language to the effect that it would take very little to tip the balance from probation to incarceration under the circumstances of this case this was an appropriate warning. When the minor later admitted to violating his probation the trial court ordered an investigation and report from the Champaign County Court Services Department and requested the minor's counsel to be prepared with alternative programs. The record clearly indicates that the court was interested in alternatives other than confinement for the minor. All of this information was considered at the hearing on May 21, 1985, when the minor was committed to the Department of Corrections. Furthermore, the trial judge gave a definite recitation of the reasons for the commitment.

For the foregoing reasons, the judgment of the circuit court of Champaign County is affirmed.

Affirmed.

WEBBER and MORTHLAND, JJ., concur.