624 N.E.2d 853 (1993)
253 Ill. App.3d 483
191 Ill.Dec. 665
In re F.N., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. F.N., Respondent-Appellant).
No. 2-92-0329.
Appellate Court of Illinois, Second District.
December 6, 1993.
*854 G. Joseph Weller, Deputy Defender, Office of the State Appellate Defender, Elgin, David W. Devinger, Woodstock, Kim M. DeWitt, Office of the State Appellate Defender, Elgin, for F.N., Minor Child.
David R. Akemann, Kane County State's Atty., William L. Browers, Deputy Director, State's Attys. Appellate Prosecutor, William K. Keene, Peru, for the People.
Justice McLAREN delivered the opinion of the court:
This is an appeal by F.N., a minor, from an order of the circuit court revoking his probation and committing him to the juvenile *855 division of the Department of Corrections (DOC). On appeal, F.N. claims that he is entitled to a new dispositional hearing because (1) the trial court failed to articulate a statutory basis for committing him to DOC, (2) the trial court failed to consider less restrictive alternatives to commitment to DOC, (3) the trial court abused its discretion in committing him to DOC, and (4) he was denied the effective assistance of counsel when his attorney continued to rely on the probation officer's recommendation after the trial court had already rejected it. We affirm.
On August 29, 1989, the State filed a petition for adjudication of wardship alleging that F.N. committed the offenses of attempted murder (Ill.Rev.Stat.1989, ch. 38, pars. 8-4(a), 9-1(a)(1) (now codified, as amended, at 720 ILCS 5/8-4(a), 9-1(a)(1) (West 1992))), unlawful use of a weapon (Ill.Rev.Stat.1989, ch. 38, par. 24-1(a)(4) (now codified, as amended, at 720 ILCS 5/24-1(a)(4) (West 1992))), unlawful possession of a firearm (Ill.Rev.Stat. 1989, ch. 38, par. 24-3.1(a)(1) (now 720 ILCS 5/24-3.1(a)(1) (West 1992))), and aggravated assault (Ill.Rev.Stat. 1989, ch. 38, par. 12-2(a)(1) (now codified, as amended, at 720 ILCS 5/12-2(a)(1) (West 1992))).
F.N. pleaded guilty to the attempted murder charge on accountability grounds, and the State agreed to dismiss the remaining charges. The State presented its factual basis for the plea, alleging that one of F.N.'s fellow gang members shot at the victim several times, hitting him four times. F.N. was present and fired a gun into the air twice to frighten the targets of the shooting. F.N. was adjudicated a delinquent minor and made a ward of the court. On February 21, 1990, the circuit court of Lake County ordered F.N. to serve 30 days in detention with credit for time already served and a five-year term of probation. F.N.'s probation was conditioned on, among other things, F.N.'s successful completion of the STAY program and drug and alcohol counseling, and abstaining from contact with gang members.
On April 17, 1991, the State filed a petition for a hearing on violation of probation alleging that F.N. committed an assault by taking off his jacket, walking toward an individual and threatening him. The State withdrew this petition when F.N.'s family moved to Kane County. The Lake County court transferred the cause to the circuit court of Kane County.
On February 3, 1992, the State filed a petition for adjudication and supplemental petition I to revoke probation pursuant to section 5-25 of the Juvenile Court Act (Act) (Ill.Rev.Stat.1991, ch. 37, par. 805-25(1) (now 705 ILCS 405/5-25(1) (West 1992))). The petition alleged that F.N. committed the offenses of aggravated battery (Ill.Rev. Stat.1991, ch. 38, par. 12-4(b)(6) (now codified, as amended, at 720 ILCS 5/12-4(b)(6) (West 1992))) and obstructing a police officer (Ill.Rev.Stat.1991, ch. 38, par. 31-1 (now 720 ILCS 5/31-1 (West 1992))). The court ordered juvenile court services to conduct a home study and a social investigation and to make recommendations by February 19.
Juvenile court services prepared a 12-page probation report containing its recommendations. The report revealed that F.N. was referred to the Lake County juvenile court in 1986 on sexual assault charges. This charge was reduced to a lesser charge and the court placed F.N. on supervision. F.N. complied with his supervision, and the case was dismissed. The report also revealed that F.N.'s father, A.N., had observed marked improvement in F.N.'s behavior and relations with family members during the time that F.N. was on probation. F.N. successfully completed the STAY program and the follow-up period of intensive probation. The probation officer opined that F.N. had cooperated throughout all phases of his probation. The probation officer was also of the opinion that F.N. had not had any gang-related contacts since establishing residence in Kane County. The report contained the resource committee's recommendation that F.N. be sentenced to 30 days in the Kane County youth home with credit for time served.
The circuit court held an adjudicatory hearing on February 19, 1992. At the commencement of the hearing, the parties informed the court that F.N. agreed to admit *856 the allegations contained in the aggravated battery count. In return, the State agreed to withdraw the obstruction count and recommended that the court order continued probation and that F.N. serve 30 days in the Kane County youth home with credit for time served. The court stated that it would not accept that disposition. Counsel for F.N. asked if the court had read the probation report. The court responded that it had read the report filed at the time the case was transferred to Kane County but not the report prepared for the probation revocation proceeding.
Counsel for F.N. withdrew F.N.'s admission to the aggravated assault charges and requested a hearing. The State then moved to amend the aggravated battery count to allege that F.N. "made contact of an insulting or provoking nature." The court allowed the amendment over the objection of F.N.'s attorney. F.N.'s attorney then stated that F.N. would admit to the allegations in the aggravated battery count. The court refused to allow the admission and ordered that the hearing proceed.
The testimony received at the hearing revealed that two Carpentersville, Illinois, police officers proceeded to F.N.'s home to arrest his brother, R.N., for suspicion of burglary. When F.N. answered the door, the officers informed F.N. that there was an outstanding warrant for R.N.'s arrest and asked F.N. if they could enter to arrest R.N. F.N. told the officers that they could not enter and blocked the doorway. One of the officers pushed F.N. aside. F.N. pushed the officer and swung at him with a closed fist, striking the officer in the arm. The officer attempted to subdue F.N. at which time F.N. broke away and provoked the officer further. F.N. denied pushing, striking, or provoking the officer.
The court concluded that the State met its burden of proving F.N. committed both offenses and accordingly revoked F.N.'s probation. Counsel for F.N. requested that the dispositional hearing be continued so that the court could review the probation report. The court stated that it could continue the dispositional hearing to another day or it could review the report immediately and hold the hearing that day. Both parties stated they had no objection to holding the dispositional hearing that day.
The court resumed the proceeding after spending approximately 20 minutes reviewing the probation report. The parties did not offer evidence in aggravation or mitigation, and F.N. stated that he did not wish to make a statement. The court noted that F.N. had "admitted to an allegation that he fired a pistol at another individual" and that he had other "minor" encounters with Lake County law enforcement officers. The court disagreed with the probation officer's recommendation, stating, "I do not think that an individual who has had the extraordinary good fortune of being placed on probation after committing an attempted murder, who then defies the legal authorities in the manner that we have heard this afternoon is entitled to be returned to probation."
The court committed F.N. to the juvenile division of DOC. In its written order, the court concluded that commitment to DOC was necessary "based on the minor's history and the necessity of protection of the public from the consequences of criminal activity of the delinquent." F.N. filed a timely notice of appeal.
F.N. raises several alleged errors in the proceedings below and contends that each of these claimed errors demonstrates that the trial court abused its discretion by committing him to DOC. The Act gives the juvenile court wide discretion in determining an appropriate disposition, and the juvenile court's dispositional order will not be disturbed on appeal absent an abuse of that discretion. In re Griffin (1982), 92 Ill.2d 48, 54, 64 Ill.Dec. 948, 440 N.E.2d 852; In re M.D.B. (1984), 121 Ill.App.3d 77, 80, 76 Ill.Dec. 580, 458 N.E.2d 1380.
F.N.'s first argument on appeal is that he is entitled to a new dispositional hearing because the lower court failed to articulate the specific findings necessary to commit a minor to DOC. The State claims that F.N. has waived this issue on appeal by failing to raise this objection in the trial *857 court. While it is generally true that an argument which was not raised in the trial court may not be urged on appeal (Nugent v. Miller (1983), 119 Ill.App.3d 382, 387, 74 Ill.Dec. 919, 456 N.E.2d 640), we decline to apply the waiver rule here because we do not think that F.N. was required to raise these objections at the time the lower court entered the order committing him to DOC, and because all the facts necessary to resolve the issues raised by F.N. are before this court.
Section 5-33 of the Act states that the court may commit a delinquent minor to the juvenile division of DOC if it finds that commitment "is necessary to ensure the protection of the public from the consequences of criminal activity of the delinquent." (Ill.Rev.Stat.1991, ch. 37, par. 805-33(1)(b) (now 705 ILCS 405/5-33(1)(b) (West 1992)).) This court has ordered a new dispositional hearing where the lower court failed to make the requisite findings and such findings could not be implied based on the evidence in the record. In re S.M. (1992), 229 Ill.App.3d 764, 769-70, 171 Ill.Dec. 558, 594 N.E.2d 410.
The lower court in this case, however, did make the findings necessary to commit F.N. to DOC. In its written order, the court stated that its findings were in part based on "the minor's history and the necessity of protection of the public from the consequences of criminal activity of the delinquent." At the dispositional hearing, the court expressed concern over ordering probation for an individual who participated in a gang-related shooting and reacted belligerently to police officers attempting to enter his home with an arrest warrant for R.N. We conclude that the lower court in this case did make and articulate the findings necessary to commit F.N. to DOC.
F.N. next claims that he is entitled to a new dispositional hearing because the lower court failed to investigate or consider less restrictive placement alternatives before committing him to DOC. Courts have recognized that commitment to DOC should be ordered only when less severe placement alternatives would not be in the best interests of the minor and the public (M.D.B., 121 Ill.App.3d at 83, 76 Ill.Dec. 580, 458 N.E.2d 1380) and accordingly require that the trial court give proper consideration to such alternatives. (See In re B.S. (1989), 192 Ill.App.3d 886, 891-93, 140 Ill.Dec. 44, 549 N.E.2d 695; In re A.J.D. (1987), 162 Ill.App.3d 661, 666, 114 Ill.Dec. 6, 515 N.E.2d 1277.) The trial judge, however, need not enumerate all possible alternatives when making a disposition, and the judge's remarks can illustrate a consideration of alternatives. M.D.B., 121 Ill. App.3d at 81-82, 76 Ill.Dec. 580, 458 N.E.2d 1380.
The record does not support F.N.'s argument that the court summarily rejected less severe alternatives to commitment to DOC without considering them. The trial court in this case stated that it read the report prepared by F.N.'s probation officer and that it disagreed with the recommendations contained in the report. The report recommended that probation be continued and that F.N. spend 30 days in the Kane County youth home. The report also contained information about F.N.'s home life and relations with family members, and his response to court supervision, the STAY program and intensive probation. We conclude that the trial court's statements regarding the probation report and its decision not to follow its recommendation reveal that the court considered the alternatives to commitment contained therein but rejected them.
We note that this case is unlike In re B.S., upon which F.N. relies. The trial court in that case stated that it had no alternative other than commitment to DOC because no alternatives had been presented to the court other than returning the minor to his home. In In re B.S., testimony at the dispositional hearing revealed that other placement alternatives in the community were possible but had not been fully explored. The reviewing court in that case remanded the cause for a new dispositional hearing to examine alternative placements within the community. (In re B.S., 192 Ill.App.3d at 891-93, 140 Ill.Dec. 44, 549 N.E.2d 695.) In this case, by contrast, the *858 trial court stated that it had considered the alternatives presented to it. The probation report contained information regarding probation as well as placement in F.N.'s home and within the community. More importantly, the trial court in this case ordered commitment not because it felt that this was the only available alternative, but instead because this was the alternative that best served the interests of the minor and the public.
F.N. also seems to argue that the trial court abused its discretion when it summarily rejected the parties' dispositional recommendation and then allowed the case to proceed directly from the adjudicatory stage to the dispositional stage without ordering a continuation so that the parties could present additional dispositional alternatives to the court. F.N.'s counsel requested only that the court continue the case so that it could review the probation report. Counsel agreed to a short recess for this purpose. The court offered to continue the case to another day, but counsel agreed to hold the dispositional hearing that same day. We will not entertain a party's argument that the proceedings below were deficient when that party participated with agreement in those proceedings.
F.N. next argues that the trial court abused its discretion in committing him to the DOC because it misstated facts and then relied on them when it made its findings. The court stated in its findings that F.N. had admitted to shooting at another person. F.N. never shot at that person, however, but only fired his gun into the air. F.N. claims that the trial court's finding that commitment was necessary to protect the public was clearly affected by the court's erroneous belief that he was the shooter in that incident.
The record does not reflect that the trial court was influenced by its belief that F.N. was the shooter. The trial court merely noted that F.N. admitted an allegation that he fired at another individual. The court's entire statement indicates that it was primarily influenced by F.N.'s commission of the aggravated battery and obstruction offenses while on probation for a previous offense. F.N. was not prejudiced by the trial court's statement regarding the shooting incident.
F.N. also argues that the trial court abused its discretion in committing him to DOC because it ignored the recommendations of the parties and the probation officer and the information in the probation report demonstrating his rehabilitative potential. F.N. notes that he fully cooperated with his probation officers in Lake and Kane Counties, successfully completed the STAY program and intensive probation, attended school, ended his involvement with gangs, and demonstrated a marked improvement in behavior under the supervision of his probation officer.
A trial court may choose as it sees fit among various dispositional alternatives and need not defer to any particular disposition. (In re T.A.C. (1985), 138 Ill.App.3d 794, 797-98, 93 Ill.Dec. 274, 486 N.E.2d 375.) While the trial court here was required to consider the probation report, it did not have to accept the recommendations contained therein. M.D.B., 121 Ill.App.3d at 83, 76 Ill.Dec. 580, 458 N.E.2d 1380.
While we take note of and commend F.N. for his achievements while on probation, we conclude that the trial court justifiably expressed concern over F.N.'s forceful defiance of police officers attempting to carry out their duties. This incident, which occurred while F.N. was on probation, could lead to the reasonable conclusion that, despite indications to the contrary, F.N. was not responding fully to probation and that commitment was necessary to protect the public from the consequences of his criminal activity. We are unable to conclude, therefore, that the trial court's decision to commit F.N. to DOC constituted an abuse of discretion.
F.N.'s final contention is that he did not receive the effective assistance of counsel at the dispositional hearing and is therefore entitled to a new hearing. F.N. claims that his attorney should not have continued to rely on the recommendations contained in *859 the probation report when the trial court had already rejected them. According to F.N., counsel should have instead offered other placement alternatives less restrictive than commitment to DOC.
This court has held that juvenile court respondents possess the right to effective representation. (M.D.B., 121 Ill. App.3d at 84, 76 Ill.Dec. 580, 458 N.E.2d 1380.) In order to successfully claim ineffective assistance of counsel, it must be shown that counsel's conduct was professionally deficient or objectively unreasonable and the deficient performance was prejudicial to the respondent. (Strickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693. Generally, mere errors in judgement, discretion and tactics, though perhaps relevant to some extent, can not necessarily be said to deprive the respondent of a fair adjudication of his case. To be considered ineffective assistance, the claimed inadequacies must be of such weight as to preclude the decision maker from reaching a fair and impartial decision. M.D.B., 121 Ill.App.3d at 84, 76 Ill.Dec. 580, 458 N.E.2d 1380.
Counsel's continued reliance on the probation officer's recommendation and counsel's failure to offer other placement alternatives did not amount to ineffective representation. At the time the trial court initially rejected the parties' recommendation, it had not read the probation report. It was not unreasonable to continue to rely on this recommendation where there was a possibility that the court would change its position after reviewing the probation report. We conclude that counsel's decision in this regard was one of tactics, which almost invariably has no bearing on the issue of competency of counsel. See People v. Atkins (1987), 161 Ill.App.3d 600, 609, 113 Ill.Dec. 463, 515 N.E.2d 272.
Even if we were to conclude that F.N.'s attorney provided incompetent representation, it is quite unlikely that F.N. suffered prejudice, i.e., that the outcome of the dispositional hearing would have been different. The probation report contained information about F.N.'s home life, his relations with family members, his previous participation in the STAY program and intensive probation, and the possibility of placement in the Kane County youth home. The report thus presented the trial court with virtually the full spectrum of placement alternatives, including placement within and without the home. F.N. has not presented us with any alternative placement options which may have satisfied the trial court and it is unlikely that there were other additional alternatives that counsel could have recommended. This, along with the trial court's apparent concern over F.N.'s conduct while on probation for the attempted murder offense and its conclusion that commitment to DOC was necessary to protect the public from the consequences of F.N.'s criminal activity, leads us to conclude that it is unlikely that the outcome of the hearing would have been different had F.N.'s attorney presented additional placement alternatives to the court.
For the foregoing reasons, the judgment of the circuit court of Kane County is affirmed.
Affirmed.
INGLIS, P.J., and DOYLE, J., concur.