*In re* DEXTER L., a Minor (The People of the State of Illinois,. Petitioner-Appellee, v. Dexter L., Respondent-Appellant).

Second District    No. 2—01—0809

Opinion filed October 10, 2002.

G. Joseph Weller and Paul Alexander Rogers, both of State Appellate Defender's Office, of Elgin, for appellant.

Meg Gorecki, State's Attorney, of St. Charles (Martin P. Moltz, Sally A. Swiss, and Richard S. London, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GROMETER delivered the opinion of the court:

Respondent, Dexter L., was placed on probation for a period of five years on April 15, 1999. Respondent was 15 years old at the time. Subsequent to respondent's seventeenth birthday, the State filed a petition to revoke his probation. Respondent admitted to some of the allegations set forth in the petition. The trial court modified the conditions of respondent's probation and ordered that he be detained for 30 days in the Kane County jail. The trial court's order also specified that respondent was not entitled to any good-time credit. Respondent now appeals. He first contends that the trial court lacked authority to sentence him to a term of detention in the county jail. In the alternative, he argues that, if the trial court did possess such authority, it lacked the authority to deny him good-time credit. We agree with respondent's first contention and need not address his second one.

■ Before turning to this issue, however, we must address the State's argument that this appeal is moot. An issue becomes moot when an actual controversy no longer exists and the interests of the parties no longer are in controversy. *Novak v. Rathnam*, 106 Ill. 2d 478, 482 (1985). The State points out that respondent has served his sentence and is now an adult. However, exceptions to the mootness doctrine exist. Respondent correctly points out that the public interest exception applies in this case. This exception requires "(1) the existence of a question of a public nature; (2) the desirability of an authoritative determination for the purpose of guiding public officers in the performance of their duties; and (3) the likelihood the question will recur." *People v. McCaskill*, 298 Ill. App. 3d 260, 264 (1998). In *People v. D.T.*, 287 Ill. App. 3d 408, 410-11 (1997), the First District applied the public interest exception in a case where a juvenile had been temporarily detained but had been released by the time the appeal was decided. The First District concluded that the detention of a juvenile is a matter of public concern and that authoritative determination of the issue was desirable to guide the conduct of public officials, particularly juvenile court judges, in the future. *D.T.*, 287 Ill. App. 3d at 411; see also *People v. Clayborn*, 90 Ill. App. 3d 1047, 1052 (1980) ("The detention of a juvenile is a matter of public concern, and an authoritative determination of the issue will guide public officials and juvenile court judges who are likely to face the problem in the future"). Further, the court reasoned that, due to the time constraints imposed by the Juvenile Court Act of 1987 (Act) (705 ILCS 405/1—1 *et*

*seq.* (West 1994)), the issue was likely to recur with other minors in the future. *D.T.*, 287 Ill. App. 3d at 411. We find the same considerations relevant in the case at bar; accordingly, we conclude that the public interest exception permits us to address the merits of this appeal.

■ ■ The resolution of this appeal requires us to construe several portions of the Act. Our primary goal in construing a statute is to ascertain and give effect to the intent of the legislature. *People v. Jurisec*, 199 Ill. 2d 108, 118 (2002). The most reliable indicator of the legislature's intent is the language of the statute itself. *People v. Lavallier*, 187 Ill. 2d 464, 468 (1999). If the language of a statute is plain and unambiguous, a court must not read exceptions, limitations, or other conditions into it. *People v. Daniels*, 172 Ill. 2d 154, 163 (1996). Moreover, proceedings under the Act, while still not truly criminal in nature, have shifted "from the singular goal of rehabilitation to include the overriding concerns of protecting the public and holding juvenile offenders accountable for violations of the law." *In re A.G.*, 195 Ill. 2d 313, 317 (2001); see also 705 ILCS 405/5—101 (West 1998). Statutes that are penal in nature warrant a strict construction. *In re M.F.*, 315 Ill. App. 3d 641, 650 (2000).

■ A reading of the statutes involved in this case shows that the trial court lacked authority to sentence respondent to a period of detention in the county jail. The State filed a petition to revoke respondent's probation; therefore, we begin our analysis with section 5—720 of the Act (705 ILCS 405/5—720 (West 1998)). Section 5—720(4) provides:

"If the court finds that the minor has violated a condition at any time prior to the expiration or termination of the period of probation or conditional discharge, it may continue him or her on the existing sentence, with or without modifying or enlarging the conditions, or may revoke probation or conditional discharge and *impose any other sentence that was available under Section 5—710 at the time of the initial sentence.*" (Emphasis added.) 705 ILCS 405/5—720(4) (West 1998).

Thus, the plain language of this section states that a minor found to have violated a condition of probation may be subjected to any sentence that was available at the time of the initial sentence as allowed by section 5—710 of the Act (705 ILCS 405/5—710 (West 1998)). Nowhere in section 5—710 is the trial court granted authority to sentence a juvenile to county jail. In fact, this section specifically provides that a minor may be placed in detention for 30 days "provided that any such detention shall be in a juvenile detention home." 705 ILCS 405/5—710(1)(a)(v) (West 1998). Accordingly, we conclude that

the trial court erred in sentencing respondent to a term of detention in the county jail. *Cf.* 1994 Ill. Att'y Gen. Op. No. 94—020, at 5 ("If, for example, a petition to revoke probation based upon a violation of the terms thereof had been filed, instead of an action for contempt, the provisions of the Juvenile Court Act would apply, and, under the terms of section 5—25 of the Act (705 ILCS 405/5—25 (West 1992)), a term of confinement in the county jail would not be permissible").

The trial court relied on section 5—410 of the Act (705 ILCS 405/ 5—410 (West 1998)) in concluding that it could order respondent confined in the county jail. This provision provides, *inter alia*:

> "Minors under 17 years of age shall be kept separate from confined adults and may not at any time be kept in the same cell, room or yard with adults confined pursuant to criminal law. Persons 17 years of age and older who have a petition of delinquency filed against them shall be confined in an adult detention facility." 705 ILCS 405/5—410(2)(c)(v) (West 1998).

The trial court found this provision relevant because neither it nor section 5—710 uses the term "sentence," which, the trial court apparently concluded, indicated that they should be read together. Thus, the trial court concluded, the final sentence of section 5—410(2)(c)(v) required minors over the age of 17 to be confined in adult detention facilities, such as a county jail. Further, the trial court noted that a contrary conclusion would violate "every Department of Corrections regulation there is."

We find the trial court's reliance on this provision misplaced. The plain language of section 5—720 authorizes a court to impose a sentence under section 5—710 when a probation violation occurs. Nowhere is section 5—410 mentioned. Moreover, it is axiomatic that a statute must be interpreted as a whole and every provision must be interpreted in light of every other provision. *Devoney v. Retirement Board of the Policemen's Annuity & Benefit Fund*, 199 Ill. 2d 414, 425 (2002). A reading of section 5—410 as a whole demonstrates that it deals with pretrial detention rather than sentencing. See 705 ILCS 405/5—410 (West 1998).

Furthermore, it has been held, in the context of both adult and juvenile proceedings, that the sentence for a probation violation is determined by the sentence available at the time of the original disposition. See *People v. Witte*, 317 Ill. App. 3d 959, 964-65 (2000); *In re Tucker*, 45 Ill. App. 3d 728, 730-31 (1976). Section 5—720 reflects this principle, stating that, upon revocation of probation, a court may impose any sentence available "at the time of the initial sentence." 705 ILCS 405/5—720(4) (West 1998). At the time respondent was initially sentenced, he was not yet 17 years old. Hence, assuming the

trial court was correct in its reliance on section 5—410, it would not have been applicable to respondent in any event because it did not apply to him at the time he was initially sentenced.

We decline to consider the possible effect of any of the Department of Corrections' regulations, which apparently do not allow for a juvenile over the age of 17 to be placed in a juvenile detention facility, on this case. The State has not provided a citation to any such regulation, thus waiving the issue. *Fuller v. Justice*, 117 Ill. App. 3d 933, 942 (1983). Moreover, we question whether an administrative regulation should prevail over a conflicting statute.

The State points to another statutory provision in an attempt to justify the trial court's decision. Relying on section 5—715 of the Act (705 ILCS 405/5—715 (West 1998)), the State posits that the trial court could sentence respondent to a term in the county jail as a condition of probation. This section provides that "[t]he court may as a condition of probation or of conditional discharge require that the minor *** comply with other conditions as may be ordered by the court." 705 ILCS 405/5—715(2)(u) (West 1998). We decline to read this provision as an expansive grant of power to confine juveniles in a manner not otherwise specified in the Act. We note that a similar argument was rejected in *In re J.M.S.*, 92 Ill. App. 3d 1141, 1142 (1981). In that case, the State argued that an identically worded catchall provision contained in an earlier version of the Act (Ill. Rev. Stat. 1979, ch. 37, par. 705—3(2)(o)) authorized the court to tax costs as a condition of probation. *J.M.S.*, 92 Ill. App. 3d at 1142. The *J.M.S.* court concluded that this broad phraseology was insufficient to justify taxing costs where they were not authorized by any other provision in the Act. *J.M.S.*, 92 Ill. App. 3d at 1142. We similarly reject the State's contention that the broad language of section 5—715(2)(u) justifies a sentence not otherwise authorized by the Act.

The State also relies on *People v. Taylor*, 76 Ill. 2d 289 (1979), in support of its position. In that case, our supreme court held that an individual's age at the date of sentencing was relevant for determining whether he or she should be sentenced to the adult or juvenile division of the Department of Corrections. *Taylor*, 76 Ill. 2d at 310. *Taylor* relied on a statutory provision that stated, "All offenders under 17 years of age sentenced to imprisonment shall be committed to the Juvenile Division of the Department of Corrections ***." Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—6(c). The supreme court concluded that the most natural interpretation of this provision was "under 17 years of age *when* sentenced." (Emphasis in original.) *Taylor*, 76 Ill. 2d at 310. In the instant case, we are confronted with a different statutory provision, which provides that a court may "impose any other sentence

that was available under Section 5—710 *at the time of the initial sentence.*" (Emphasis added.) 705 ILCS 405/5—720(4) (West 1998). Hence, we find *Taylor* to be of no guidance.

The State also argues the Act vests a sentencing judge with wide discretion in determining an appropriate sentence. The State suggests that the sentence was appropriate because it was a less severe alternative than placement in the juvenile division of the Department of Corrections. In a related argument, the State asserts that the history of this case, which, as presented by the State, indicates that defendant has been largely unsuccessful in complying with probation, warrants the sentence imposed. These considerations are beside the point. The State, in fact, provides its own answer to these arguments. In the course of making the former one, the State notes that a judge "need not enumerate all possible alternatives" when imposing a sentence. See *In re F.N.*, 253 Ill. App. 3d 483, 488 (1993). Quite simply, given the statutory scheme discussed above, detention in the county jail is not a possible alternative.

To the extent these latter two arguments can be read as advancing considerations of public policy, such concerns are more appropriately addressed to the legislature. Whether it would be beneficial for courts to be able to sentence a 17 year old to the county jail is a matter for that body to resolve. Our role is simply to interpret the statutory scheme, and it is clear to us that section 5—710 of the Act (705 ILCS 405/5—710 (West 1998)), read in light of section 5—720 of the Act (705 ILCS 405/5—720 (West 1998)), does not authorize a court to sentence a juvenile to a term of detention in a county jail.

In light of the foregoing, we need not address respondent's second contention. The order of the circuit court of Kane County requiring respondent to serve his term of detention in the county jail is reversed.

Reversed.

BOWMAN and KAPALA, JJ., concur.