# Illinois Official Reports

## Appellate Court

---

**_In re B.P.D._, 2014 IL App (3d) 120781**

---

| | |
|---|---|
| Appellate Court Caption | _In re_ B.P.D., a Minor (The People of the State of Illinois, Plaintiff-Appellee, v. B.P.D., Defendant-Appellant). |
| District & No. | Third District<br>Docket No. 3-12-0781 |
| Filed | January 23, 2014 |
| Held<br>(_Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader._) | The appellate court vacated the sentence to five days in the county jail imposed on defendant for a violation of a term of probation, since the sentence was imposed on defendant when he was 20 years old, and although he turned 21 while his appeal was pending, at the time the sentence was imposed, defendant was a juvenile, and the trial court lacked the authority under the Juvenile Court Act to sentence a juvenile to the county jail. |
| Decision Under Review | Appeal from the Circuit Court of Whiteside County, No. 07-JD-24; the Hon. William S. McNeal, Judge, presiding. |
| Judgment | Vacated. |
| Counsel on Appeal | Jay Wiegman (argued), of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>Trish Joyce, State's Attorney, of Morrison (Dawn Duffy (argued), of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

Panel

JUSTICE O'BRIEN delivered the judgment of the court, with opinion.
Presiding Justice Lytton and Justice McDade concurred in the judgment and opinion.

## OPINION

¶ 1    The minor, B.P.D., was adjudicated delinquent in 2007, when he was 15 years old, and sentenced to five years' probation. During the probation, the State filed a petition alleging a probation violation, which the minor admitted. The minor, who was 20 years old, was ordered to serve five days in the county jail. The minor appealed, arguing that the delinquency provisions of the Juvenile Court Act of 1987 (the Act) (705 ILCS 405/5-101 *et seq.* (West 2010)) did not authorize sentencing him to the county jail.

¶ 2                                    FACTS

¶ 3    The minor, born April 5, 1992, was adjudicated delinquent on June 19, 2007, for the offense of residential burglary and placed on probation for 60 months. During the probation, the State filed several petitions alleging violations of probation, the last of which was filed on April 5, 2012. The minor admitted to the facts in the last petition, and the trial court found the minor to be in violation of probation. The trial court revoked the minor's probation and sentenced the minor to serve five days in the county jail, not a juvenile detention facility. The trial court denied the minor's motion to reconsider. The mittimus was stayed pending the appeal.

¶ 4                                  ANALYSIS

¶ 5    As an initial matter, the State argues that the appeal should be dismissed as moot because the minor turned 21 on April 5, 2013, making him no longer subject to the Act. The minor argues that the issue is not moot, but if it is, it should be considered under the public interest exception to the mootness doctrine.

¶ 6    An appeal is moot if no actual controversy exists or if events have occurred that make it impossible for the reviewing court to grant effectual relief to the complaining party. *In re Marriage of Peters-Farrell*, 216 Ill. 2d 287, 291 (2005) (citing *People v. Roberson*, 212 Ill. 2d 430, 435 (2004)). If an appeal involves the validity of a sentence, and that sentence has been served, the appeal is rendered moot. *In re Shelby R.*, 2013 IL 114994. In this case, however, the minor has not served the sentence. The minor, though, is no longer a minor under the Act, because he turned 21 during the pendency of the appeal. 705 ILCS 405/5-105(10) (West 2010). The State asks that the appeal be dismissed, which would leave in place the sentence to the county jail. The minor asks that we reach the merits of the appeal and vacate that sentence.

¶ 7    While an appeal is rendered moot if a sentence has been served, the minor in this case has not served his sentence. Also, the minor has been sentenced to the county jail; thus, it is

entirely possible that we can grant him effectual relief. Thus, the appeal is not moot, and we reach the merits of the appeal.

¶ 8     The minor argues that the trial court lacked the authority under the Act to sentence him to a term of detention in the county jail because section 5-710 of the Act only authorizes a 30-day term in juvenile detention. 705 ILCS 405/5-710 (West 2010). Under section 5-720(4) of the Act, a minor who violates probation is subject to being resentenced to any other sentence that was available at the time of the initial sentence under section 5-710 of the Act. 705 ILCS 405/5-720(4) (West 2010). Section 5-710(1)(a)(v) permits a period of detention not to exceed 30 days, provided the detention shall be in a juvenile detention home. 705 ILCS 405/5-710(1)(a)(v) (West 2010). The Second District, in construing sections 5-720(4) and 5-710 under essentially the same factual scenario, held that the trial court lacked the authority under the Act to sentence a juvenile to the county jail. *In re Dexter L.*, 334 Ill. App. 3d 557 (2002). We agree that such a sentence is not authorized by the Act, so we vacate the minor's sentence of five days in the county jail.

¶ 9                                              CONCLUSION
¶ 10    The judgment of the circuit court of Whiteside County is vacated.

¶ 11    Vacated.